**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PHILLIP S. BALDWIN,<br><br>individually and as special administrator of the Estate of Phillip D. Baldwin, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, PATRICK CAMPBELL INSURANCE AGENCY INC., and PATRICK CAMPBELL, a registered agent.<br><br>Defendants. | ) | Case No. 4:23-cv-8-BSM<br><br>Class Action<br><br>HEARING REQUESTED |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant State Farm Fire and Casualty Company ("State Farm")[1] hereby files this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 56, "SAC").

State Farm requests a hearing on this Motion.

## INTRODUCTION

Plaintiff Philip S. Baldwin ("Plaintiff") filed this putative class action on his own behalf and as the administrator of the estate of his father, Philip D. Baldwin (the "Decedent"). The

[1] The caption of the SAC still includes "State Farm Mutual Automobile Insurance Company." However, no cause of action is asserted against this company. *See* SAC. Moreover, Plaintiff voluntarily dismissed it on April 4, 2023. Doc. 32. As previously indicated, State Farm Mutual Automobile Insurance Company is not a proper party to this suit, because it did not write the coverage under the Policy. *See* Doc. 12, 13.

Decedent was struck by a vehicle while driving his motorcycle, and he died of his injuries. The Decedent's estate recovered the policy limits from the negligent driver's automobile liability coverage. The Decedent had a policy of liability insurance with State Farm ("Policy"), and Plaintiff sought additional compensation from State Farm. However, the Policy was a liability-only policy and does not provide coverage for any injuries suffered by the Decedent. Rather, the Decedent had rejected Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverage (as well as coverage for medical payments, death, dismemberment, loss of sight, and total disability), and he purchased only the statutory mandated minimum limits liability. *See* A.C.A. § 23-89-209 (citing § 27-19-605 requiring drivers to have minimum liability coverage of $25,000). Accordingly, State Farm denied the claim.

State Farm's denial is consistent with Arkansas law, which provides that an insured "may reject in writing" the opportunity to purchase UM/UIM coverage (A.C.A. § 23-89-209(a)), and that such coverage "shall not be applicable when any insured named in the policy has rejected the coverage in writing." A.C.A. § 23-89-403(a). Moreover, under Arkansas law, there is "no merit to the claim that the agent had a duty to advise with respect to different coverages," and "it is the duty of a policy holder to educate himself concerning matters of insurance" coverage. *Scott-Huff Agency v. Sandusky*, 887 S.W.2d 516, 517 (Ark. 1994) (citing *Stokes v. Harrell*, 711 S.W.2d 755 (Ark. 1986)). Here, there is a signed rejection of UM/UIM coverage, and the Policy—which is relied upon throughout the SAC and is effectively incorporated by reference—has a declarations page that reflects that the only coverage provided in the Policy the Decedent purchased was liability coverage. Not UM/UIM, or any other coverage.

Plaintiff nonetheless filed this suit to recover benefits *outside* of the Decedent's liability-only coverage. To wit, the SAC asserts count for bad faith, violation of the Lanham Act,

conspiracy, and forgery. Although different theories of recovery, all of these claims are premised on the allegation that Decedent did not, in fact, reject UM/UIM coverage, but instead someone, somewhere, somehow forged his signature on the rejection form. But the SAC states only conclusions. Plaintiff does not allege the Decedent actually *paid for* UM/UIM coverage. Nor does Plaintiff allege that the Decedent's Policy's declarations page—which lists the coverages the Policy provides—states any coverage other than for liability.[2] Nor does Plaintiff allege facts supporting his conclusion that a forgery happened, or who committed forgery, where the forgery occurred, or how the purported forgery took place.

In short, Plaintiff's SAC is devoid of any *facts* required by Federal Rules of Procedure 8 and 9 to state a claim. Rather, Plaintiff's SAC consists entirely of legal conclusions and formulaic recitations of claim elements. For this reason, and others detailed below, it should be dismissed.

Moreover, this is Plaintiff's third pleading attempt. Over State Farm's objection, Plaintiff moved for leave to file the SAC on the grounds that his prior complaint was filed in Arkansas state court and he needed to add sufficient detail to meet the more stringent federal pleading standards. Doc. 36 at 2-3. This, then, is Plaintiff's best attempt at doing so, and having failed to plead plausible claims with sufficient specificity, the SAC should be dismissed with prejudice.

## LEGAL STANDARD

A district court may dismiss a complaint pursuant to Rule 12(b)(6) on the basis of a

---

[2] The SAC is pled as a putative class action, and it contains contradicting theories of liability. That is, with regard to the putative class members, Plaintiff pleads the signatures on their rejection forms were forged by unidentified people, or the class members were misled by unidentified representations into actually signing the forms. SAC ¶ 15. In attempting to straddle both of these theories, Plaintiff inconsistently suggests the Decedent's signature on the rejection form may be genuine. *Id.* ¶ 29 ("Due to the illegal schemes and actions alleged above, Defendants have attempted to escape liability under the UM and UIM provisions *that Phil would have purchased* but for Defendants' wrongful policies, procedures and practices ….") (emphasis added).

dispositive issue of law. *See Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989). "[I]f, as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Id.* (citations omitted); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss, a court should accept as true only well-pleaded facts. *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir.2009). Legal conclusions should not be considered. *Id.*; *see Warmington v. Bd. Of Regents*, 998 F.3d 789, 796 (8th Cir. 2021) (court "not bound to accept as true a legal conclusion couched as a" fact). Moreover, "indeterminate" factual allegations also fail to state a claim. *Braden*, 588 F.3d at 594. And, prior to certification, only the named plaintiff's claims—and *not* those of any potential class member—should be considered. *Browe v. Evenflo*, 2015 WL 3915868, at *4 n.1 (D. Minn. June 25, 2015).

Federal Rule of Civil Procedure 8(a) requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means a complaint must state a claim that is "plausible on its face," which requires a plaintiff to show "success on the merits is more than a sheer possibility." *Braden*, 588 F.3d at 594. Claims sounding in fraud are subject to the requirement of Rule 9(b) that the facts be pled with particularity. *Khaliki v. Helzberg Diamond Shops*, 2011 WL 1326660, at *3 (W.D. Mo. Apr. 6, 2011). To meet this standard, a plaintiff must identify, at a minimum, the "who, what, where, when, and how of the alleged fraud." *FCS Advisors v. Missouri*, 929 F.3d 618, 620 (8th Cir. 2019) (citation omitted).

## FACTS

On June 18, 2020, the Decedent was involved in a vehicle accident ("Accident"), and he died of his injuries. SAC ¶ 17. At the time of the Accident, the Decedent was covered by a

liability-only insurance policy issued by State Farm (defined above as the "Policy"). *Id.* ¶ 20. The Policy did not include UM/UIM coverage. *Id.* ¶ 21. There is a signed UM/UIM rejection form consistent with Arkansas law, but Plaintiff alleges the signature on the UM/UIM rejection form does not belong to the Decedent. *Id.* ¶ 22. Plaintiff further alleges "Defendants … altered [the Decedent's] insurance policy without his consent and forged his signature on its rejection form on or about March 28, 2020." *Id.* ¶ 24. Plaintiff does not include any allegations regarding the who, where, or how of the alleged fraud. Plaintiff then inconsistently implies the Decedent actually signed the rejection form, but he would not have "but for Defendants' wrongful policies, procedures and practices asserted herein." *Id.* ¶ 29.

## ARGUMENT

### I. THE SAC SHOULD BE DISMISSED UNDER RULES 8(a)(2) AND 9(b).

The SAC does not comply with Rule 8(a)(2) because it fails to state sufficient factual matter that, if accepted as true, states a plausible claim for relief. Rather, the SAC pleads conclusions, *not* facts, and attempts to parrot the language of the elements of legal claims. Once the Court properly disregards the legal conclusions stated in the SAC, there are simply no facts pled to state a plausible claim that State Farm wrongfully injured Plaintiff. The SAC also does not comply with Rule 9(b), as the fraudulent conduct that underlies each of Plaintiff's claims is not pled with the required particularity. The SAC should be dismissed.

#### A. The SAC is Deficient Under Rule 8(a)(2).

Plaintiff's conclusory allegations do not comport with the standard set by Rule 8(a)(2), and the SAC should be dismissed in its entirety. Plaintiff's claims are all based on his bare allegation that someone, somewhere, somehow forged Decedent's signature on the rejection form. SAC ¶ 24 (alleging "Defendants … forged [the Decedent's] signature on its rejection form"). The SAC

reveals that this conclusory allegation is *not* based on facts; rather Plaintiff merely infers it from comparing images of "known" signatures with an image of the Decedent's signature from the rejection form. *See id.* at p. 7; *see also id.* ¶ 22 ("the signature on this form does not belong to Phil, and clearly is not genuine"). Notably missing are any factual allegations by any individual with personal knowledge, *e.g.*, no allegations the Decedent stated his intention to buy UM/UIM coverage and then paid for such coverage. Further, there are no allegations that anyone witnessed the supposed forgery. Also missing is any non-conclusory factual allegation to support the conclusion that the so-called "authentic" signatures belong to the Decedent. Instead, Plaintiff's entire conclusory allegation that the signature on the rejection form was forged "without [the Decedent's] consent" by someone is based exclusively on his own summarily stated determination that there are visual differences between the three signatures.

These allegations do not meet even the liberal pleading standard of Rule 8(a)(2). First, the SAC infers that the "authentic" signatures are what Plaintiff claims them to be. It does not plead facts to establish the conclusion that those signatures are "authentic." Second, the SAC relies merely on purported visual differences between the allegedly "authentic" signatures and the signature on the rejection of coverage, concluding the latter is not authentic and does not belong to the Decedent. From there, the SAC asserts the conclusion—again, without factual support—that "Defendants" forged the signature "without [Decedent's] consent." *Id.* ¶ 24. This is not a plausible claim. Indeed, there are many explanations if the signatures appear different. For example, the Decedent could have asked someone to sign for him. Or, the Decedent may have taken more or less time to sign certain documents. Or the Decedent's signature may have changed some over the years. And the plausibility of the requested inference of wrongdoing is especially dubious where the language of the declarations page of the Policy states that the coverage provided

is for liability coverage only and does not state that UM/UIM coverage (or any other coverage) is provided. *See id.* ¶ 21. Plaintiff does not allege otherwise.

Plaintiff's SAC has not alleged sufficient factual allegations to support *any* of its claims and it should be dismissed in its entirety. *See Sims v. MDOW Ins. Co.*, 2013 WL 627235, at *1 (E.D. Ark. Feb. 20, 2013) (finding allegations of bad faith fail to state a claim where plaintiff merely alleged defendant breached its duty by declining or delaying payment of claim without a reasonable basis); *Hart v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2448507, at *1-2 (E.D. Ark. Aug. 10, 2009) (same); *Liscomb v. Boyce*, 2018 WL 342017, at *4 (E.D. Ark. Jan. 9, 2018) (conspiracy claim did not contain plausible allegations where it attempted to "infer a conspiracy").

**B. The SAC is Deficient Under Rule 9(b).**

Even where fraud is not an essential element of a cause of action, claims that are "grounded in fraud" still must comply with Rule 9(b). *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010-12 (8th Cir. 2015); *see also Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) (finding Minnesota state law misrepresentation claims must comply with Rule 9(b) because they are considered allegations of fraud).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud[.]" "This particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920-21 (8th Cir. 2001)). To satisfy Rule 9(b), the plaintiff must "identify the who, what, where, when, and how" of the fraud. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006); *see also Drobnak v. Anderson Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009) ("Rule 9(b) requires a plaintiff

to plead the equivalent of the first paragraph of any newspaper story" and "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule").

Here, Plaintiff asserts causes of action for bad faith, violation of the Lanham Act, conspiracy, and forgery. However, essential to each of these claims is an assertion of fraud – that "Defendants … forged [the Decedent's] signature on its rejection form." SAC ¶ 24; *see id.* ¶¶ 52, 58, 64, 73, 79, 85 (incorporating all prior paragraphs by reference). But Plaintiff does not state any of the details required by Rule 9(b), for example, he does not identify by whom, how, or where this alleged forgery took place. Failure to include these details dooms the entirety of the SAC. *Streambend Props.*, 781 F.3d at 1013 (dismissal warranted where the plaintiff fails to "specify the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result").[3] The SAC should be dismissed.

## II. EACH OF PLAINTIFF'S CLAIMS FAILS FOR ADDITIONAL REASONS.

### A. Plaintiff's Bad Faith Claims Should Be Dismissed.

Plaintiff fails to state a claim for bad faith as a matter of law. He raises two claims for bad faith against State Farm, one for a "national class" (Count I) and one for an "Arkansas class" (Count II).[4] Both allege State Farm: owed a "duty of good faith and fair dealing . . . in carrying out its obligations to properly write and provide insurance coverage" (SAC ¶¶ 54, 60); it "acted in bad faith to avoid liability . . . under its policies" (*id.* ¶¶ 55, 61); and Plaintiff was damaged as a

[3] This is especially true where, as here, fraudulent conduct is attributed to multiple defendants in group fashion. *Streambend Props.*, 781 F.3d at 1013 ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." (citation omitted)).

[4] For purposes of this Motion, Counts I and II are identical, as no class has been certified and only Plaintiff's own claim should be considered. *Browe*, 2015 WL 3915868, at *4 n.1.

result (*id.* ¶¶ 56, 62). These are quintessential conclusory allegations that must be ignored by the Court on a motion to dismiss. "Courts must not presume the truth of legal conclusions couched as factual allegations." *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). Plaintiff's allegations that State Farm forged the Decedent's signature incorporated by reference into Counts I and II do not save his bad faith claims. His claims of forgery are based on a series of unwarranted assumptions, which this Court should ignore. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). And in any event such allegations are not pled as required under Rule 8(a)(2), let alone Rule 9(b). Plaintiff's claim should therefore be dismissed. *See Sims*, 2013 WL 627235, at *1.

Moreover, under Arkansas law, to show bad faith, a plaintiff must show his "insurance company affirmatively engage[d] in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metropolitan Life Ins. Co.*, 277 S.W.3d 196, 201 (Ark. 2008). "The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Id.* The Plaintiff must also show that the insurer's "state of mind was characterized by hatred, ill will, or a spirit of revenge." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 844 (8th Cir. 2003) (citation omitted). Here, Plaintiff fails to allege any facts showing that State Farm engaged in conduct that was dishonest, malicious, or oppressive, with the requisite state of mind. For this additional reason, dismissal is proper. *Sims*, 2013 WL 627235, at *1 (dismissing bad faith claim for failure to state a claim).

Plaintiff has failed to allege the elements of a bad faith claim. Counts I and II should be dismissed.

### B. Plaintiff Lacks Standing to Assert Claim under the Lanham Act.

Count III of the SAC asserts a claim under Section 1125(a) of the Lanham Act. Plaintiff wholly fails to plead any facts necessary to satisfy either Rule 8(a) or Rule 9(b) to state a Lanham Act claim. But Count III should be dismissed for an even more fundamental failure. The Lanham Act provides a cause of action only for commercial competitors, *not* consumers: "Consumers do not have standing to bring a claim for false advertising under the Lanham Act. Only competitors or commercial entities may bring such a claim." *Esposito v. Airbnb Action, LLC*, 2022 WL 2980700, at *8 (W.D. Ark. July 27, 2022); *see also Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014) ("We thus hold that to come within the zone of interests in a suit for false advertising under §1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III [of the U.S. Constitution], but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question."). Plaintiff is not a competitor of State Farm or any other defendant—nor does he allege such status in the SAC. Count III must be dismissed.

### C. Plaintiff's Claims for Conspiracy Should Be Dismissed.

#### 1. The SAC does not state a claim of conspiracy.

The SAC alleges two counts of "Conspiracy"—one for the "national class" (Count IV) and one for the "Arkansas Class" (Count V).[5] In these Counts, Plaintiff alleges State Farm conspired "to violate" federal and state law "and to act in bad faith in the selling and service of insurance policies … to wrongfully increase their revenues and profits." SAC ¶¶ 75, 81. Without stating a

[5] For purposes of this Motion, Counts IV and V are identical, as no class has been certified and only Plaintiff's own claim should be considered. *Browe*, 2015 WL 3915868, at *4 n.1.

single fact in support of these conclusions, the SAC goes on to plead that "[t]hese violations of federal and state law were overt acts in furtherance of their conspiracy and performed with the specific intent to cause Plaintiff … to suffer harm." *Id.* ¶¶ 76, 82. Again, these are conclusions masquerading as factual allegations, and should be disregarded. *See Liscomb*, 2018 WL 342017, at *4 ("largely conclusory" attempts to "infer a conspiracy" do not state a plausible claim).

"To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another." *Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393, 406 (Ark. 2002); *see also Dodson v. Allstate Ins. Co.*, 47 S.W.3d 866, 876 (Ark. 2001). The plaintiff must also show a "specific intent to accomplish the contemplated wrong," and that he has suffered damages. *Faulkner*, 69 S.W.3d at 406.

Here, the SAC does not plead facts to support any of the essential elements that are necessary to comply with either Rule 8(a)(2) or Rule 9(b). It does not state the circumstances surrounding the alleged forgery, which laws State Farm allegedly violated, or how the company allegedly conspired (and with whom) to violate such laws. The SAC also fails to identify the contents of any allegedly fraudulent statements, the person or persons who made these statements, how the statements were made, or to whom. Plaintiff's conspiracy claims must be dismissed for failure to plead the facts in support of the claims. *See Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, 2015 WL 1034234, at *4-5 (W.D. Ark. Mar. 10, 2015) (dismissing conspiracy claims that "seem to rest on [the plaintiffs'] allegations of fraud," specifically that defendants conspired to withhold information from plaintiffs to deprive them of a contractual benefit, for failing to comply with Rule 9(b)). Counts IV and V should be dismissed.

**2. The intracorporate conspiracy doctrine bars Plaintiff's conspiracy claims.**

An independent reason to dismiss Plaintiff's conspiracy claim is that it fails because of the intracorporate conspiracy doctrine. "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can." *Burbridge v. City of St. Louis, Missouri*, 2 F.4th 774, 782 n.6 (8th Cir. 2021) (internal citation and alteration omitted). Under this doctrine, "[b]ecause the acts of corporate employees are treated as the acts of a single legal entity (the corporation), such corporate employees are a single actor and thus cannot constitute the plurality of persons required for a conspiracy." *Id.*; *see also Dodson*, 47 S.W.3d at 876 ("[A] civil conspiracy is not legally possible where a corporation and its alleged conspirators are not separate entities, but rather, stand in either a principal-agent or employer-employee relationship with the corporation.").

Here, Plaintiff claims State Farm conspired with its own employees, agents, brokers, and independent contractors. SAC ¶ 75. These actors are all treated as a single legal entity under the intracorporate conspiracy doctrine and thus Plaintiff's conspiracy claims fail as a matter of law for this independent reason. Counts IV and V should be dismissed.

**D. Plaintiff's Forgery Claim Should Be Dismissed.**

Count VI, Plaintiff's claim based on "forgery," should be dismissed for failure to comply not only with Rule 8(a)(2), but also with the pleading requirements of Rule 9(b). Plaintiff's claim is premised upon an alleged violation of A.C.A. § 5-37-201(c) and (e), which make it a Class C felony to forge a contract. Under Arkansas law, proof of forgery under these statutes requires a showing of "fraudulent intent." *Todd v. State*, 494 S.W.3d 444, 450 (Ark. App. 2016). As such, Rule 9(b) applies. *See Streambend*, 781 F.3d at 1011-12 (claims requiring proof of fraud must be pled with particularity). Plaintiff has not alleged any of the circumstances surrounding the alleged

forgery with any particularity. Besides not pleading any of the facts regarding intent, the SAC does not identify who supposedly forged the Decedent's signature and provides "no context or location of the alleged alteration…." *Lawrence v. Pile*, 2009 WL 331314 at *3 (E.D. Ark. Feb 9, 2009) (finding fraudulent misrepresentation claim alleging employer altered insurance documents failed to state a claim). Accordingly, Plaintiff's forgery claim must be dismissed.

**III. DISMISSAL SHOULD BE WITH PREJUDICE.**

The SAC is Plaintiff's third attempt at pleading a claim. His motion to amend was granted—over State Farm objection—for the express purpose of meeting more stringent federal pleading standards. Doc. 36 at 2-3. The SAC, then, is Plaintiff's best effort to plead a claim. After three attempts, Plaintiff should be out of court for failing to meet even the minimal pleading standards required under Rule 8(a)(2), let alone the particularity required by Rule 9(b). District Courts have broad discretion to allow leave to amend pursuant to Federal Rule of Civil Procedure 15. Leave should be denied where, as here, Plaintiff cannot show that any new allegations would survive a motion to dismiss. *Humphreys v. Roche Biomedical Lab'ys, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). Plaintiff's SAC should be dismissed with prejudice.

## CONCLUSION

For each of the foregoing reasons, State Farm Fire respectfully requests that the Court dismiss the SAC with prejudice for failure to state a claim. State Farm requests a hearing on this Motion.

Dated: October 3, 2023

By: /s/ *Michael J. Kuhn*

Emily M. Runyon Bar # 2005172
MITCHELL|WILLIAMS
4026 South J.B. Hunt Dr., Ste. 200
Rogers, Arkansas 72758
T. (479) 464-5654
F. (479) 878-6904
E. erunyon@mwlaw.com

James F. Bennett (*pro hac vice*)
Robert F. Epperson, Jr. (*pro hac vice*)
J. Russell Jackson (*pro hac vice*)
Michael J. Kuhn (*pro hac vice*)
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
jbennett@dowdbennett.com
repperson@dowdbennett.com
rjackson@dowdbennett.com
mkuhn@dowdbennett.com

*Counsel for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2023, I electronically filed the foregoing via the Court's electronic filing system, which will serve a copy to all counsel of record.

By: /s/ *Michael J. Kuhn*