IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PHILLIP S. BALDWIN, Individually and as Special Administrator of the Estate of Phillip D. Baldwin, Deceased, and On Behalf of All Others Similarly Situated — PLAINTIFF

V. CASE NO. 4:23-cv-00008-BSM

STATE FARM FIRE AND CASUALTY COMPANY, PATRICK CAMPBELL INSURANCE AGENCY, INC., and PATRICK CAMPBELL, a registered agent — DEFENDANTS

**BRIEF IN SUPPORT OF MOTION OF SEPARATE DEFENDANTS PATRICK CAMPBELL INSURANCE AGENCY, INC. AND PATRICK CAMPBELL TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Separate Defendants, Patrick Campbell Insurance Agency, Inc. and Patrick Campbell (collectively, Campbell), submit this Brief in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 56) pursuant to Rule 12(b)(6).

## I. INTRODUCTION

This case has been the subject of numerous motions and briefing on those motions to date. The procedural history will not be repeated in detail here. The focus of this motion is on the Second Amended Complaint (SAC) and Plaintiff's purported reasons for requesting leave to file the SAC. A review of those filings establish that, on their face, no plausible claims for relief are alleged against Campbell.

Plaintiff filed his Motion to Amend Complaint (Doc. 36) after motions filed by Separate Defendant State Farm Fire and Casualty Company (State Farm) to Dismiss or Alternatively to Strike the Class Allegations (Doc. 12). In seeking leave to file the SAC Plaintiff alleged that his previous Complaints were drafted to meet Arkansas state court requirements for class certification, and he should be allowed to file a second amended complaint meeting the federal court requirements (Doc. 36 at paras. 7-11).

Plaintiff sought leave to amend arguing that the Federal courts require a "rigorous" analysis of Rule 23 class certification requirements while the Arkansas courts apply a more relaxed standard. Motions to Dismiss the First Amended Complaint were pending. The SAC does not allege new facts as to Campbell.

The SAC purports to define a "national class" and an "Arkansas class." Only the Arkansas class causes of action are alleged against Campbell. Those causes of action as to Campbell fail as a matter of established Arkansas law on both an individual and class basis.

State Farm has filed a Motion to Dismiss the SAC because it "fails to plead sufficient factual material to state a plausible claim as a matter of law pursuant to Federal Rule of Civil Procedure Rule 8(a)[.]" (Doc. 58 at para. 1). Campbell adopts and incorporates herein State Farm's Motion to Dismiss the SAC for all of the reasons and grounds stated in State Farm's motion. This adoption is made pursuant

to Rule 10(c).

Additionally, Campbell is independently entitled to dismissal of the SAC because it does not meet the pleading requirements of Rule 12(b)(6), in that it does not plausibly state a claim for relief against Campbell. Campbell, an Arkansas insurance agency, has nothing to do with the nationwide class allegations. With respect to the Arkansas class allegations, they are based on causes of action which cannot survive based on established Arkansas law. Accordingly, the Court should dismiss the SAC as to Campbell.

## II.
## STANDARD

Motions to dismiss are governed by Rule 12(b)(6) which requires dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. Liang v. Rahn, 2017 U.S. Dist. LEXIS 118181, at *5-6 (E.D. Ark. July 27, 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937 (2009)). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. Id. The complaint must allege facts "to state a claim for relief that is plausible on its face." B & B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 387 (8th Cir. 2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

III.
THE SAC'S ALLEGED CAUSES OF ACTION AGAINST CAMPBELL

The SAC makes clear that the "national class" causes of action (Counts I, III, and IV) apply only to State Farm. Because Campbell is an Arkansas insurance agency, there can be no national class claims applicable to Campbell.

The Counts applicable to Campbell are: Count II – Bad Faith Arkansas Class; County V – Conspiracy – Arkansas Class; and Count VI – Civil Action for Victim of Felony Crime, Ark. Code Ann. § 16-118-107, Arkansas Class.

IV.
ANALYSIS

A. Bad Faith

The tort of bad faith is a cause of action available only to an insured against its insurance company. The Arkansas Supreme Court has precisely defined the necessary elements for the tort of bad faith in its approved jury instruction:

> Issues – Tort of "Bad Faith" by Insurance Company – Burden of Proof
>
> Plaintiff claims damages from defendant for "bad faith" and has the burden of proving each of three essential propositions:
>
> Second, that defendant acted in bad faith in an attempt to avoid liability under its policy issued to plaintiff[.]

AMI 2304 (emphasis added).

The bad faith cause of action, as the AMI establishes, requires an

insured/insurer relationship. It is settled Arkansas law that a bad faith claim exists only against insurance companies. Country Corner Food & Drug, Inc. v. First State Bank & Tr. Co. of Conway, Arkansas, 332 Ark. 645, 966 S.W.2d 894 (1998).

Campbell did not insure Phillip Baldwin. Accordingly, it cannot be liable for bad faith as a matter of established Arkansas law. This Court cannot expand the rulings of the Arkansas Supreme Court. It is bound by those decisions in applying Arkansas law in this case. Accordingly, the bad faith cause of action against Campbell fails to state claims upon which relief can be granted.

B. Conspiracy

It is established Arkansas law that civil conspiracy is not an independent cause of action. Faulkner v. Arkansas Children's Hosp., 347 Ark. 941, 69 S.W.3d 393 (2002). In order to recover under a claim of civil conspiracy, the combination or agreement between two parties must be based on some underlying cognizable tort claim. Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). The SAC does not allege any actionable tort claim against Campbell. The only tort claim asserted is bad faith which, as demonstrated above, does not apply to Campbell as a matter of law. Accordingly, the civil conspiracy claim against Campbell must be dismissed.

The civil conspiracy claim likewise fails as a matter of law because Campbell was the alleged agent of State Farm. (SAC at para. 23). Where the alleged

conspirators are "principal and agent," a civil conspiracy is not legally possible. Dodson v. Allstate Ins. Co., 345 Ark. 430, 47 S.W.3d 866, 876 (2001).

C. Civil Action for Victim of Felony Crime

No facts are pleaded in the SAC that Campbell forged a signature on the UIM waiver. There is no factual allegation that Campbell committed a forgery. The SAC pleads only that the signature on the UIM waiver does not look like Baldwin's signature. This is not sufficient to state a claim upon which relief can be granted. It is a conclusory threadbare statement.

> Conclusory allegations and "threadbare recitals of the elements of a cause of action" cannot survive a motion to dismiss. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

Du Bois v. Bd. of Regents of Univ. of Minnesota, 987 F.3d 1199, 1205 (8th Cir. 2021) (affirming district court's grant of Rule 12(b)(6) motion).

DAVID M. DONOVAN
BAR NO. 81184
STACI DUMAS CARSON
BAR NO. 2003158
WATTS, DONOVAN, TILLEY & CARSON, P.A.
2120 RIVERFRONT DR., STE. 275
LITTLE ROCK, AR 72202
TELEPHONE: (501) 372-1406
EMAIL: david.donovan@wdtc.law
staci.carson@wdtc.law