IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHILLIP S. BALDWIN, individually**  **PLAINTIFF**
**and as special administrator of the Estate**
**of Phillip D. Baldwin, and on behalf of**
**all others similarly situated**

v.  CASE NO. 4:23-CV-00008-BSM

**STATE FARM FIRE AND**
**CASUALTY COMPANY,** *et al.*  **DEFENDANTS**

## ORDER

State Farm Fire and Casualty Company's motion to dismiss [Doc. No. 58] is granted. The motion to dismiss of Patrick Campbell Insurance Agency and Patrick Campbell (the "Campbell defendants") [Doc. No. 68] is granted. Phillip Baldwin's motion for class certification [Doc. No. 57], State Farm's motion to strike class allegations [Doc. No. 60], and State Farm's motion to stay discovery [Doc. No. 62] are denied as moot.

### I. BACKGROUND

Phillip D. Baldwin ("Phillip Sr.") was killed in a motor vehicle accident while driving his motorcycle in Grant County, Arkansas. Second Amended Complaint ("SAC") ¶ 17, Doc. No. 56. Phillip Sr. had insurance coverage through State Farm. *Id.* ¶ 20. State Farm denied uninsured motorist (UM) and underinsured motorist (UIM) coverage because Phillip Sr. had purportedly signed a form rejecting UM and UIM coverage. *Id.* ¶¶ 21–22.

Phillip S. Baldwin ("Baldwin"), individually and as special administrator of Phillip Sr.'s estate, brings this class action lawsuit on behalf of motorcyclists across the country

who (1) had motorcycle insurance coverage from State Farm including a signed form rejecting UM or UIM coverage, (2) filed a claim for UM or UIM coverage, and (3) had the claim denied based on the signed rejection form. Baldwin alleges that defendants altered Phillip Sr.'s insurance policy without his consent and forged his signature on the rejection form. *Id*. ¶ 24. Baldwin also alleges that defendants engaged in a strategy to get insureds to waive UM and UIM coverage by altering insurance agreements by forging signatures and copying digital signatures, misrepresenting available coverages, and misleading insureds about other policies they owned. *Id*. ¶ 15.

State Farm and the Campbell defendants move to dismiss Baldwin's second amended complaint. State Farm also moves to strike the class allegations from the complaint and to stay discovery. Baldwin moves for class certification.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).

## III. DISCUSSION

A. <u>Motions to Dismiss</u>

The motions to dismiss of State Farm and the Campbell defendants are granted. Because these motions are considered before class certification, only Baldwin's claims are considered. *See Browe v. Evenflo Co., Inc.*, Civ. No. 14-4690 ADM/JJK, 2015 WL 3915868, at *4 n. 1 (D. Minn. June 25, 2015).

*1. State Farm*

a. Bad Faith

State Farm's motion to dismiss is granted on the bad-faith claims. Arkansas recognizes a claim for bad faith when "an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426, 277 S.W.3d 196, 201–02 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429, 64 S.W.3d 720, 723 (2002)). Mere negligence or bad judgment is not enough; there must be affirmative misconduct. *Id.*, 277 S.W.3d at 202.

Baldwin's bad-faith claim stems from his allegation that defendants altered Phillip Sr.'s insurance policy without his consent and forged his signature on the rejection form. SAC ¶ 24. He also alleges that defendants misrepresented available coverages to their insureds and misled them. *Id.* ¶ 15. Although Baldwin does not plead a specific cause of action for fraud, because his bad-faith claim sounds in fraud, Baldwin must plead it with particularity. Fed. R. Civ. P. 9(b). *See Van Horne v. State*, 5 Ark. 349, 350 (1844) (defining forgery as "the fraudulent making or alteration of any writing to the prejudice of another

3

man's rights."). The complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc*., 298 F.3d 736, 746 (8th Cir. 2002)). Baldwin must identify the "who, what, where, when, and how" of the alleged fraud. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Moreover, because he alleges that multiple defendants have engaged in fraudulent conduct, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (quotation omitted).

The bad-faith claim fails because Baldwin has not pleaded it with particularity. He has pleaded the "when" of the alleged forgery—on or about March 28, 2020. But he has not pleaded who forged Phillip Sr.'s signature beyond alleging that "Defendants" did it. That allegation is not enough to inform each defendant of the nature of his alleged participation in the conduct. *Streambend Properties II, LLC*, 781 F.3d at 1013. Is Baldwin alleging that someone at State Farm forged the signature? Or Patrick Campbell? Or someone else at the Patrick Campbell Insurance Agency? The complaint does not say. Nor has Baldwin pleaded where the alleged forgery occurred—whether in Grant County or State Farm's Illinois headquarters or somewhere else—or how. His claims that defendants misrepresented available coverages to their insured and misled them to gain waivers of coverage fare no better. The complaint fails to allege the time, place, and contents of the alleged

misrepresentations and the identity of the person making the misrepresentations. *Drobnak*, 561 F.3d at 783.  Accordingly, Baldwin's bad-faith claims are dismissed.

      b.        Lanham Act

State Farm's motion to dismiss is granted on the Lanham Act claim because consumers do not have standing to bring a false-advertising claim under the act. *Lexmark Intern., Inc., v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014).  The Lanham Act claim is therefore dismissed.

      c.        Civil Conspiracy

State Farm's motion to dismiss is granted on the civil conspiracy claims.  To prove a civil conspiracy, Baldwin must show that "two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another." *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 17, 436 S.W.3d 445, 455.  Under the intracorporate conspiracy doctrine, a corporation cannot conspire with alleged coconspirators standing in a principal-agent relationship with the corporation unless the agents "were acting for their own personal benefit rather than for the benefit of the corporation." *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 445, 47 S.W.3d 866, 876 (2001). By law, State Farm cannot conspire with its employees or its agents, including the Campbell defendants. Accordingly, Baldwin's civil conspiracy claims are dismissed.

      d.        Civil Action by Crime Victim

State Farm's motion to dismiss is granted on the claim of civil action by a crime

victim because this claim is not pleaded with particularity under Rule 9(b). Arkansas Code Annotated section 16-118-107 provides a civil cause of action to "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law." The underlying alleged felony is forgery under Arkansas Code Annotated sections 5-37-201(c) and (e). Because this claim sounds in fraud, Baldwin must plead it with particularity under Rule 9(b). As discussed above, he has not. Therefore, the civil action by a crime victim claim is dismissed.

### 2. Campbell Defendants

The Campbell defendants' motion to dismiss is granted on the bad-faith claim because Baldwin has not pleaded this claim with particularity under Rule 9(b). The Campbell defendants' motion to dismiss is granted on the civil conspiracy claim because, as discussed above, a corporation cannot conspire with its agent unless the agent is acting for his own personal benefit. *Dodson*, 345 Ark. at 445, 47 S.W.3d at 876. Baldwin does not allege that the Campbell Insurance Agency or Campbell himself acted for their own benefit. Finally, the Campbell defendants' motion to dismiss is granted on the civil action by crime victim claim because Baldwin has not pleaded this claim with particularity under Rule 9(b).

B.  <u>Motion for Class Certification, Motion to Strike, and Motion to Stay</u>

Because the second amended complaint is dismissed, Baldwin's motion for class certification, State Farm's motion to strike class allegations, and State Farm's motion to stay discovery are denied as moot.

### IV. CONCLUSION

For the foregoing reasons, State Farm Fire and Casualty Company's motion to dismiss [Doc. No. 58] and the Campbell defendants' motion to dismiss [Doc. No. 68] are granted. Baldwin's motion for class certification [Doc. No. 57], State Farm's motion to strike class allegations [Doc. No. 60], and State Farm's motion to stay discovery [Doc. No. 62] are denied as moot. The complaint is dismissed without prejudice.

IT IS SO ORDERED this 22nd day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE